IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GRANITE RE, INC.                                                                                              PLAINTIFF

V.                                                                                CAUSE NO.: 1:12CV231-SA

BRUCE MASSEY CONSTRUCTION, LLC;
BRUCE MASSEY; DOROTHY C. MASSEY,
and WAGES SHEET METAL & ROOFING, LLC            DEFENDANTS

## DEFAULT JUDGMENT

Plaintiff Granite Re, Inc., filed this suit, served Bruce Massey Construction, LLC (Massey), and Massey answered [9]. Plaintiff then requested leave to amend their complaint to add another defendant. That request was granted [16], and an Amended Complaint was filed on February 27, 2013. Summons were issued to Wages Sheet Metal & Roofing (Wages) but were returned unexecuted. Massey never answered the Amended Complaint [17]. On March 22, 3013, Plaintiff inexplicably filed a second Amended Complaint without leave of court. Summons was reissued as to Wages [22] and was returned executed on April 16, 2013 [26]. The Clerk entered default against Massey on June 24, 2013 [37] and Wages on May 3, 2013 [31]. Plaintiff has now moved for default judgment as to both Defendants. Plaintiff has stipulated to contractual liquidated damages, and the Court finds no reason for a hearing on this matter. The Default Judgment against Massey and Wages is hereby GRANTED and entered in Plaintiff's favor.[1]

---

[1] The Court notes that because Federal Rule of Civil Procedure 15(a)(2) demands that courts "should freely give leave when justice so requires" it will not strike the improperly amended complaint. Further, a review of the two amended complaints shows that Defendants will suffer no prejudice by the Court's accepting the second amended complaint even though not procedurally proper.

*Default Judgment Standard*

"A defendant must serve an answer . . . within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). As noted above, Defendants failed to appear, plead, or otherwise defend himself in this matter, and the Clerk properly entered a default.

By their default, Defendants Massey and Wages admitted Plaintiff's well-pleaded allegations of fact. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). In addressing Plaintiff's Motion for Default Judgment [38], the Court accepts the factual allegations of the Amended Complaint as true, but the entry of a default "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Id. "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law." Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (punctuation omitted). The Court must ensure that Plaintiff is entitled to judgment as a matter of law based on the admitted factual allegations of the Amended Complaint.

*Factual and Procedural Background*

Bruce Massey Construction, LLC (Massey) entered into two separate contracts with the Amory School District for construction and improvements to two elementary schools. Massey also contracted with the Oxford School District for a construction project at the Della Davidson School. Prior to executing those contracts, Massey executed a General Agreement of Indemnity to induce Granite Re to issue contract surety bonds for and on behalf of Massey. Under the

terms of that Agreement, Massey agreed to "at all times indemnify and save [Granite Re] harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee . . . expense, suit, order, judgment and adjudication whatsoever, and any and all liability therefor, sustained or incurred by [Granite Re] by reason of having executed or procured the execution of said bonds or obligations . . . ." Granite Re issued the Performance and Payment Bonds with respect to each of the three contracts.

Massey subcontracted with Wages Sheet Metal & Roofing, LLC (Wages) to install the roofs on the Amory School District projects, but the architect deemed the installation to be deficient. Massey and Wages failed to correct the defective roofs, so Granite Re paid Graham Roofing, Inc., $189,849 to do so. Massey failed to pay all subcontractors and material suppliers on the three bonded projects, and Granite Re was called upon to and did honor its Payment Bond obligations. As a result, Granite Re paid out $563,711.56 on Massey's behalf. Granite Re credited the contract balances once received on the projects for the Amory School District against the liability Massey and Wages owed to Granite Re. Granite Re has also sustained damages of attorneys' fees necessary as a consequence of issuing bonds for and on behalf of Massey. In all, Granite Re avers that Bruce Massey Construction, LLC, owes it the sum of $566,531.28, together with post-judgment interest, and Wages Sheet Metal & Roofing, LLC, owes Plaintiff $189,849, with post-judgment interest.[2]

*Conclusion*

Accordingly, judgment in favor of Plaintiff Granite Re is hereby entered against Bruce Massey Construction, LLC, in the amount of $566,531.28, with post-judgment interest and

---

[2] The Amended Complaint prayed for judgment against Massey in the amount of $609,867. However, Plaintiff has credited the contract balances it received on the two projects for Amory School District ($131,982.46) toward Massey and Wages to reduce their total liability.

3

against Wages Sheet Metal & Roofing, LLC, in the amount of $189,849, together with post-judgment interest.

This case is CLOSED.

SO ORDERED, this the 25th day of October, 2013.

               **/s/ Sharion Aycock**
               **U.S. DISTRICT JUDGE**